UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREG D. SCHWARZ, | ) |
| | ) No. CV-10-226-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on May 6, 2011 (Ct. Rec. 12, 15). Attorney Lora Lee Stover represents plaintiff; Special Assistant United States Attorney Richard M. Rodriguez represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 3). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment (**Ct. Rec. 15**) and **DENIES** plaintiff's motion for summary judgment (Ct. Rec. 12).

### JURISDICTION

Plaintiff protectively applied for disability insurance benefits (DIB) on November 10, 2005, alleging disability beginning November 21, 2004 (Tr. 63-65). The application was denied initially and on reconsideration (Tr. 34-35, 41-43).

At a hearing before Administrative Law Judge (ALJ) Richard

Say on November 8, 2007, plaintiff, represented by counsel, and a vocational expert testified (Tr. 512-531). On November 30, 2007, the ALJ issued an unfavorable decision (Tr. 15-26). The Appeals Council denied review on June 2, 2010 (Tr. 4-7). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on July 21, 2010 (Ct. Rec. 1).

STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of the parties, and are briefly summarized here when relevant.

Plaintiff was 54 years old at the hearing. After graduating from high school, he completed two years of both college and technical training (Tr. 514). He worked at a television station as an engineer for 28 years (Tr. 82, 93, 104), a job not listed in the DOT but described by the VE as a personnel manager, computer operations manager, and department manager (Tr. 526). Mr. Schwarz became disabled in November 2004 due to problems related to sleep apnea (Tr. 515-516). He was terminated by "mutual agreement" with his employer (Tr. 110). Plaintiff testified he experiences fatigue, arthritis, a lack of stamina, pain, an impaired ability to exercise, and vertigo. He has a short attention span and concentration problems. Five to eight days a month, he would not be able to work even part-time (Tr. 516-517, 523-524). He is married. He helps with cooking, drives, shops, and attends church and Bible study. He enjoys swimming, scuba diving and photography. Mr. Schwarz can lift ten pounds and walk two blocks (Tr. 517-519).

His application alleged disability due to chronic fatigue, sleep apnea, hypertension, fibromyalgia, arthritis, chronic flushing syndrome, restless leg syndrome (RLS), reflux disease, colitis, memory loss, and concentration problems (Tr. 109). On appeal, he asserts error solely as to evidence of physical impairments and limitations.

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                      - 3 -

plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 4 -

met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work. *Hoffman v.
Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then
shifts, at step five, to the Commissioner to show that (1)
plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which
plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a
Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
the Commissioner's decision, made through an ALJ, when the
determination is not based on legal error and is supported by
substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th
Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The
[Commissioner's] determination that a plaintiff is not disabled
will be upheld if the findings of fact are supported by
substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is
more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,
1119 n. 10 (9th Cir. 1975), but less than a preponderance.
*McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);
*Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
573, 576 (9th Cir. 1988). Substantial evidence "means such
evidence as a reasonable mind might accept as adequate to support
a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
(citations omitted). "[S]uch inferences and conclusions as the
[Commissioner] may reasonably draw from the evidence" will also be

upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

ALJ Say found plaintiff was insured through December 31, 2010, for DIB purposes (Tr. 15, 17). At step one he found plaintiff did not engage in substantial gainful activity after onset on November 31, 2004 (Tr. 17). At steps two and three, he found Mr. Schwarz suffers from sleep apnea, obesity, mild arthritis of the left foot, and status post cardiac ablation in 2001, impairments that are severe but do not meet or medically equal Listing level severity (Tr. 17, 22). At step four he found

plaintiff is able to perform past relevant work (Tr. 25).
Accordingly, the ALJ found Mr. Schwarz was not disabled as defined
by the Social Security Act at any time during the relevant period,
from onset through the date of the ALJ's decision, November 30,
2007 (Tr. 25-26).

**ISSUES**

Plaintiff alleges the ALJ erroneously weighed the evidence
and assessed credibility (Ct. Rec. 13 at 8-9). The Commissioner
asserts the ALJ's decision is supported by substantial evidence
and free of legal error. He asks the Court to affirm (Ct. Rec. 16
at 6).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the
existence of a physical or mental impairment by providing medical
evidence consisting of signs, symptoms, and laboratory findings;
the claimant's own statement of symptoms alone will not suffice.
20 C.F.R. § 416.908. The effects of all symptoms must be evaluated
on the basis of a medically determinable impairment which can be
shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once
medical evidence of an underlying impairment has been shown,
medical findings are not required to support the alleged severity
of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr.
1991).

A treating physician's opinion is given special weight
because of familiarity with the claimant and the claimant's
physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir.
1989). However, the treating physician's opinion is not

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                               - 7 -

"necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

*Step two*

Plaintiff alleges the ALJ should have found that fibromyalgia, atypical heart palpitations, chest pain, fatigue[1],

---

[1]To the extent fatigue is seen as a limitation caused by sleep apnea, it is noteworthy that in January 2005, treating physician Donald Howard, M.D., notes plaintiff "reports he has

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                           - 8 -

and chronic hypertension are severe impairments (Ct. Rec. 13 at 11). The Commissioner responds (1) pain and fatigue are symptoms, not medically determinable impairments; (2) the ALJ properly rejected the opinion of a physical therapist as a non-acceptable medical source, and (3) the ALJ properly rejected Dr. Dionne's opinion fibromyalgia is disabling because the opinion is internally inconsistent and based on plaintiff's unreliable self-report (Ct. Rec. 16 at 11-14).

The ALJ points out there is no record of a tender point evaluation, as directed by the American College of Rheumatologists, and no rheumatological evaluation or follow up, making the diagnosis incomplete[2] (Tr. 22).

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and as noted found Mr. Schwarz less than fully credible (Tr. 24). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

_____

been sleepy like this for over two years" (Tr. 241), meaning before onset and while he was working. In September 2005, Dr. Howard recommended a trial of stimulants if sleep apnea treatments were unsuccessful (Tr. 222, 359), and suggested it to Dr. Dionne in February 2007 (Tr. 479-480). It does not appear this was done.

[2]A fibromyalgia diagnosis is based on pain elicited by palpation of specific tender points (classically, 11 of the 18), and a history of widespread pain in specific areas for at least three months. MERCK MANUALS ONLINE MEDICAL LIBRARY

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's reasons are clear and convincing. The ALJ relied in part on inconsistent statements, activities inconsistent with allegedly disabling symptoms, and unexplained failure to follow medical advice (Tr. 24-25).

Plaintiff testified that he is essentially incapacitated five to eight days a month (Tr. 24). The ALJ points out some of Mr. Schwarz's reported activities during the relevant period include traveling to Hawaii for three weeks despite an ankle injury; scuba diving; planning and cooking meals; managing a budget; shopping; doing laundry and light housekeeping; swimming; driving; performing home repair and maintenance, and attending weekly church and Bible study sessions (Tr. 147, 201-203).

Plaintiff reports concentration and memory problems (Tr. 200)

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                        - 10 -

but testing reveals no problems with attention, concentration, or memory (Tr. 203).

Treating doctors told plaintiff on numerous occasions to exercise and lose weight, but he failed to comply (Tr. 24-25; 249-250, 317, 319). When he began seeing Dr. Dionne in December 2004, plaintiff weighed 234 pounds (Ex. 1F/219-223, Tr. 18). In October 2006, he weighed 266 pounds (Ex. 2F/30-33), Tr. 21) In May 2005, Dr. Dionne notes plaintiff failed to take reflux medication or flonase regularly. Although celebrex, prescribed for pain, seemed to help, he did not take it regularly. In May 2005 plaintiff indicated he had not taken it in two or three weeks. Mr. Schwarz did not return for laboratory studies as directed (Tr. 314, Ex. 1F/199-205), as the ALJ observes (Tr. 19).

The ALJ correctly relied on several factors, including testimony inconsistent with prior statements and with reported activities, and failing to follow medical advice, when he found plaintiff less than completely credible.

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

In March 2007 an examining physical therapist opined

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                        - 11 -

plaintiff was unable perform full time sedentary work (Tr. 436-454). The ALJ properly rejected Mr. Strom's opinion because a physical therapist is not an acceptable source as defined by the applicable regulations.

On November 4, 2005, plaintiff told Dr. Dionne he felt he "could possibly do other types of work." Dr. Dionne agreed retraining for other work could be done (Tr. 305-306). About a year later, in October 2006, Dr. Dionne opined plaintiff's fibromyalgia is disabling (Tr. 464). There is nothing in the record showing plaintiff's condition worsened. Citing *Bayliss*, the Commissioner correctly observes contradictions between assessed abilities and clinical notes, observations, and other opinions by the same physician provide "a clear and convincing reason for not relying on the doctor's opinion" (Ct. Rec. 16 at 12-13); *Bayliss*, 427 F.3d at 1216.

The ALJ properly rejected Dr. Dionne's opinions as inconsistent, based on plaintiff's unreliable self-report, and based on an incomplete diagnosis (Tr. 22, 24-25).

An ALJ is not required to credit opinions based on a claimant's unreliable reporting. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Plaintiff alleges Mr. Strom and Dr. Dionne's opinions support greater limitations than the ALJ included in his RFC assessment. Because the ALJ properly weighed these opinions and properly assessed credibility, plaintiff fails to establish error.

Plaintiff alleges the ALJ should have found chest pain, atypical heart palpitations, and hypertension are severe impairments. The Commissioner is correct that pain is a symptom,

not a diagnosed impairment. In January 2005, Dr. Dionne notes

> "chest pain with negative cardiac work-up and unremarkable
> exam externally. . . I am inclined to think this is related
> to his colon. No further evaluation at this time."

(Tr. 332).

After complaints of heart palpitations, tests in March 2005 were normal (Tr. 19, Ex. 1F/140-142). Blood pressure is noted as poorly controlled in May and June 2005 (Tr. 19, 316-322), high but not yet back on medications in May 2006 (Tr. 456), and uncontrolled in March 2007 (Tr. 168). Plaintiff fails to establish limitations from hypertension interfere in any way with his ability to work.

In March 2006 treating physician Robert Bonneau, M.D., points out plaintiff's nasal flow showed good improvement after he underwent radiofrequency treatment in December 2005 [about a year after onset] (Tr. 21, 170). In June 2006 plaintiff underwent surgery for chronic right maxillary sinusitis (Tr. 21, Ex. 2F/28-29).

In May 2007 plaintiff told Dr. Dionne he was doing pretty well overall, intended to get more exercise and lose weight, and was doing better with CPAP and RLS, although he still felt sleepy at times (Tr. 22, Ex. 2F/47-52, 57-61). Despite complaints of knee, ankle, and foot pain in October 2006, the ALJ observes that June 2007 left foot and ankle x-rays show mild degenerative changes and probable old fractures with some soft tissue swelling (Tr. 21-22, Ex. 2F/30-33, 2F/54). At the October 2006 exam, Dr. Dionne notes no crepitance or effusion of the knees. Plaintiff's gait was normal (Tr. 21, Ex. 2F/30-33).

1    The ALJ is responsible for reviewing the evidence and
2  resolving conflicts or ambiguities in testimony. *Magallanes v.*
3  *Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the
4  trier of fact, not this court, to resolve conflicts in evidence.
5  *Richardson*, 402 U.S. at 400. The court has a limited role in
6  determining whether the ALJ's decision is supported by substantial
7  evidence and may not substitute its own judgment for that of the
8  ALJ, even if it might justifiably have reached a different result
9  upon de novo review. 42 U.S.C. § 405 (g).

10    The Court finds the ALJ's assessment of the evidence is
11 supported by the record and free of legal error. Plaintiff's
12 remaining assignments of error have been addressed by the
13 foregoing.

14                            **CONCLUSION**

15    Having reviewed the record and the ALJ's conclusions, this
16 court finds that the ALJ's decision is free of legal error and
17 supported by substantial evidence..

18    **IT IS ORDERED:**

19    1. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is
20 **GRANTED.**

21    2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is
22 **DENIED.**

23    The District Court Executive is directed to file this Order,
24 provide copies to counsel, enter judgment in favor of defendant,
25 and **CLOSE** this file.

26    DATED this 19th day of May, 2011.

27

28                         s/ James P. Hutton
                         JAMES P. HUTTON
                   UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                        - 14 -